IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TRAVIS NORMAN, )
No. 06910-026, )
 )
      Petitioner, )
 )
vs. ) Case No. 18-cv-1643-NJR
 )
T.G. WERLICH, )
 )
      Respondent. )

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Petitioner Travis Norman, currently incarcerated in the FCI-Greenville, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his confinement. He asserts that in light of *Mathis v. United States*, — U.S. —, 136 S. Ct. 2243, 2250 (2016), he should not have been subject to the career-offender enhancement under the United States Sentencing Guidelines ("USSG") based on a 1993 Illinois conviction for possession of a controlled substance with intent to deliver. (Doc. 1, p. 6).

This case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action under 28 U.S.C. § 2241. After carefully reviewing the Petition and Exhibits, the Court concludes that this action is subject to dismissal.

**The Petition**

On July 24, 2007, Norman was sentenced in the Eastern District of Missouri to concurrent 240-month sentences[1] after pleading guilty to two offenses: assault of a federal officer, in violation of 18 U.S.C. § 113(a)(3) (Count I); and possession of cocaine base with intent to distribute, in violation of 18 U.S.C.A § 841(a)(1) (Count IV). (Doc. 1, pp. 2); *United States v. Norman*, Case No. 05-CR-745 (E.D. Mo.) (Judgment at Doc. 78). The judge found that Norman was a career offender under USSG § 4B1.2, and had a total offense level of 34 and criminal history category of VI. This yielded a sentencing guideline range of 262-327 months. (Doc. 1, pp. 2). The Court imposed the 240-month sentence contemplated in the parties' plea agreement.

Norman did not file a motion attacking the sentence pursuant to 28 U.S.C. § 2255, due to a lack of understanding of the 1-year deadline.[2] (Doc. 1, p. 3).

The Petition argues that Norman's previous conviction under the Illinois Controlled Substances Act, 720 ILCS 570/401, which led to his career-offender designation, no longer qualifies as a "controlled substance offense" within the meaning of USSG § 4B1.2(b). He asks the Court to remand the matter for resentencing on his cocaine conviction (Count IV) without the career-offender enhancement. He notes, however, that even if this relief is granted, he will still be subject to the 240-month sentence for his assault conviction (Count 1). (Doc. 1, p. 2).

---

[1] The plea agreement, though not binding, made a joint recommendation for the 240-month sentence, which was then accepted by the sentencing court. (Doc. 86, pp. 1-3; Doc. 89, p. 6, in criminal case). The court documents from Norman's criminal proceeding are public records of which this Court can take judicial notice. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994); *Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

[2] Norman unsuccessfully sought a sentence reduction in 2012, after the U.S. Sentencing Guidelines were amended to reduce the disparity between crack and powder cocaine offenses. (Docs. 74, 84, 96, in criminal case).

**Discussion**

As a general matter, "28 U.S.C. § 2241 and 28 U.S.C. § 2255 provide federal prisoners with distinct forms of collateral relief. Section 2255 applies to challenges to the validity of convictions and sentences, whereas Section 2241 applies to challenges to the fact or duration of confinement." *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (citing *Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000). *See also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Here, Norman is attacking his sentence, which points to Section 2255 as the proper avenue for relief.

Under very limited circumstances, a prisoner may employ Section 2241 to challenge his federal conviction or sentence. 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a Section 2241 petition where the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See Hill*, 695 F.3d at 648 ("'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'") (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002). *See also United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002); *In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998) (Section 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior Section 2255 motion).

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport*, a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first Section 2255 motion, *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his

3

conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

This Court has found that a collateral attack invoking *Mathis v. United States*, — U.S. —, 136 S. Ct. 2243, 2250 (2016), may facially satisfy the three conditions which would allow consideration in a Section 2241 proceeding under the savings clause of Section 2255(e). *See e.g., Hoskins v. Werlich*, No. 17-cv-652-DRH (S.D. Ill. July 28, 2017); *Wadlington v. Werlich*, No. 17-cv-449-DRH (S.D. Ill. July 17, 2017); *Davis v. USA*, 17-cv-379-DRH (S.D. Ill. June 14, 2017); *Warren v. Werlich*, No. 17-cv-84-DRH (S.D. Ill. Mar. 27, 2017). In 2017, however, the Seventh Circuit issued an opinion squarely rejecting the very argument raised by Norman in this case. *United States v. Redden*, 875 F.3d 374 (7th Cir. 2017) (career offender enhancement of USSG sentencing range based on Illinois controlled substance convictions was proper, distinguishing *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016)). Under this authority, the Norman's Petition must be dismissed.

Norman argues that the language of the Illinois statute at 720 ILCS 570/401 does not line up with the language in the federal sentencing guidelines' definition of a "controlled substance offense" found at USSG § 4B1.2(b). He claims that definitions in the Illinois statutes encompass the solicitation of delivery of a controlled substance or an offer to share, without consideration, and thus criminalizes a broader swath of conduct than is covered in the comparable federal law. (Doc. 1, pp. 6-24).

The *Redden* court, referencing the Illinois statute's definitions relating to controlled substance offenses, stated:

> The definition that underlies the offense established by 720 ILCS 570/401 tells us that "deliver" and "delivery" mean an "actual, constructive or attempted transfer".

4

> 720 ILCS 570/102(h). Any conduct meeting the state's definition of "delivery" comes within § 4B1.2(b) because "transfer" is just another word for distribute or dispense.

*Redden*, 875 F.3d at 374. Norman's arguments notwithstanding, the Seventh Circuit found that the Illinois statute does not contain the element of "offering" a drug for sale, as did the Texas statute that led the *Hinkle* court to invalidate Hinkle's career-offender enhancement. Given the equivalence of "delivery" in Illinois with "distribute or dispense" under the federal definitions, the Seventh Circuit concluded that "it would be frivolous . . . to argue that Redden is not a career offender" based on his Illinois drug convictions. *Redden*, 875 F.3d at 374.

Previously, the Seventh Circuit ruled that a defendant who claimed he was wrongly treated as a career offender under the advisory Sentencing Guidelines could not raise this alleged error in a collateral attack. *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), *supplemented on denial of rehearing*, 724 F.3d 915 (7th Cir. 2013). *See also United States v. Coleman*, 763 F.3d 706, 708-09 (7th Cir. 2014) ("[W]e held in *Hawkins* that the error in calculating the Guidelines range did not constitute a miscarriage of justice for § 2255 purposes given the advisory nature of the Guidelines and the district court's determination that the sentence was appropriate and that it did not exceed the statutory maximum.").

The Sentencing Guidelines have been advisory and not mandatory ever since the Supreme Court decided *United States v. Booker*, 125 S. Ct. 738 (2005). *Perry v. United States*, 877 F.3d 751, 754 (7th Cir. 2017). Norman was sentenced in 2007, well after the Supreme Court declared the Sentencing Guidelines to be merely advisory.

Applying the *Redden* court's binding precedent, Norman's Illinois conviction for possession with intent to deliver a controlled substance was properly used as a predicate conviction for calculating his career-offender sentencing range under USSG § 4B1.1, because the 1993

5

conviction involved possession with intent to "distribute" or "dispense" within the meaning of USSG § 4B1.2(b). The Court notes that Norman's ultimate 240-month sentence, to which he agreed in his plea, was below the advisory career-criminal range. Further, *Hawkins* instructs that any possible error in calculating Norman's advisory sentencing guideline range is not cognizable in a Section 2241 proceeding. Norman is therefore not entitled to relief in this action.

## **Disposition**

To summarize, Norman's claim that his Illinois drug conviction should not be considered a "controlled substance offense" that exposed him to enhanced career-offender sentencing is frivolous under *United States v. Redden*, 875 F.3d at 374. Under *Hawkins v. United States*, 706 F.3d at 823-24, the claim cannot be remedied in a habeas corpus proceeding. Accordingly, the Petition is summarily **DISMISSED** with prejudice.

If Norman wishes to appeal this dismissal, he may file a notice of appeal with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B). A motion for leave to appeal *in forma pauperis* ("IFP") should set forth the issues Norman plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Norman does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. It is

not necessary for Norman to obtain a certificate of appealability from this disposition of his Section 2241 Petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: October 4, 2018**

**NANCY J. ROSENSTENGEL**
**United States District Judge**