# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRAVIS NORMAN, <br> No. 06910-025, <br><br> Petitioner, <br><br> vs. <br><br> T.G. WERLICH, <br><br> Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 18-cv-1643-NJR <br> ) <br> ) <br> ) <br> ) <br> ) |

# **MEMORANDUM AND ORDER**

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on Petitioner Norman's Motion to Reconsider Summary Dismissal of his Section 2241 Habeas Petition (Doc. 6). He seeks reconsideration of the Court's October 2018 Order dismissing his Petition upon threshold review pursuant to Rules 1(b) and 4 of the Rules Governing Section 2254 Cases in United States District Courts.

### APPLICABLE LEGAL STANDARDS

Technically, a "motion to reconsider" does not exist under the Federal Rules of Civil Procedure. But such motions are routinely filed, and they generally are treated as motions to alter or amend an order or judgment under Rule 59(e) *or* motions for relief from judgment/order under Rule 60(b). *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994).

Different standards and timetables govern Rule 59(e) and Rule 60(b) motions. Rule 59(e) permits a court to amend a judgment only if the movant demonstrates a manifest error of law or fact or presents newly discovered evidence that was not previously available. *See, e.g., Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007); *Harrington v. City of Chicago*, 433 F.3d

542 (7th Cir. 2006) (citing *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000)). A Rule 59(e) motion must be filed within 28 days of the challenged order; this strict time limit cannot be extended. *See* FED. R. CIV. P. 6(b)(2); 59(e).

Rule 60(b) permits a court to relieve a party from an order or judgment based on such grounds as mistake, surprise or excusable neglect by the movant; fraud or misconduct by the opposing party; a judgment that is void or has been discharged; or newly discovered evidence that could not have been discovered within the 28-day deadline for filing a Rule 59(b) motion. However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. United States*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b)."). A motion under Rule 60(b)(1) asserting mistake, inadvertence, surprise or excusable neglect may be filed within one year after entry of judgment. FED. R. CIV. P. 60(c)(1).

## DISCUSSION

Norman's motion was filed within 28 days of the entry of judgment, thus Rule 59(e) applies. Norman raises four claims of error as grounds for vacating the judgment: The Court failed to recognize or apply *United States v. Smith*, 877 F.3d 720 (7th Cir. 2017); the Court misapprehended his claim regarding how 720 ILCS 570/401 permits a conviction for solicitation

2

of a controlled substance and is thereby overbroad; the Court should have ordered a response to his Petition rather than dismiss it on initial review under *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013); and the dismissal of his case contradicts this Court's grant of habeas relief in *Khoury v. United States*, Case No. 16-cv-1085-DRH, Doc. 16 (S.D. Ill. Jan. 26, 2017). (Doc. 6, pp. 1-2).

Norman argues that the Court misunderstood the scope of his challenge to the Illinois Controlled Substance Act, 720 ILCS 570/401, as a predicate "controlled substance offense" within the meaning of the United States Sentencing Guidelines ("USSG") § 4B1.2(b). He claims that under Illinois law, a defendant may be convicted of a violation of Section 401 for "solicitation" of delivery of a controlled substance, and argues that *United States v. Redden*, 875 F.3d 374 (7th Cir. 2017), did not resolve that question. (Doc. 6, pp. 4-7). The Court dismissed the Petition based in part on *Redden*, which held that a conviction for delivery of a controlled substance under 720 ILCS 570/401 qualified as a "controlled substance offense" for the purposes of the career-offender enhancement under USSG § 4B1.1. *Redden*, 875 F.3d at 374-75. *Redden* specifically addressed Norman's argument that the Illinois statute criminalized an "offer" of a controlled substance, and found it did not, distinguishing *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), and *United States v. Madkins*, 866 F.3d 1136, 1145 (10th Cir. 2017).

To the extent that the Petition raised a distinct argument that the Illinois statute criminalizes "solicitation," his analysis is not persuasive. He is correct that *Smith*, 877 F.3d at 722, states: "That a given decision resolves one legal argument bearing on a subject does not mean that it has resolved all possible legal arguments bearing on that subject." As such, *Redden* may not have resolved every challenge to the use of a conviction under 720 ILCS 570/401 as a career-offender predicate offense. Norman admits, however, that Section 401 "does not list 'solicitation' as an alternative method of

3

accomplishing delivery. Nor is solicitation included in the express statutory definitions of 720 ILCS 570/102(h)." (Doc. 6, p. 7). This defeats his own argument, because *Mathis v. United States*, 136 S. Ct. 2243 (2016), under which Norman claims a right to relief, directs that courts compare the language and definitions found in the state statute of conviction with its federal (or generic) equivalent, to determine whether the state law is overbroad.

Further, Norman's example (Doc. 6, pp. 5-6; Doc. 1, pp. 11-12; Doc. 1-1, pp. 5-8) of Jerry Strahan's conviction for "solicitation of unlawful delivery of a controlled substance" does not constitute a precedent that would contradict *Redden*, nor does it prove that solicitation is a component of the offense described in 720 ILCS 570/401. Instead, solicitation is a distinct offense, and Strahan's case is an example of the general principle that a defendant may be charged with and convicted of an inchoate offense (attempt, solicitation, conspiracy) where the criminal conduct did not result in completion of the principal offense (for example, actual delivery of a controlled substance). *See* 720 ILCS 5/8-5 (prohibiting conviction for both inchoate offense and principal offense). Such a conviction does not make the statute of the principal offense overbroad as contemplated in *Mathis*.

Even if the Court were to accept Norman's theory that Section 401 is overbroad and cannot properly support a USSG career-offender enhancement, *Hawkins* still dictates that habeas corpus relief is unavailable in his case. As explained in the dismissal order, Norman's 240-month sentence was in fact lower than the advisory Guideline range of 262-327 months, and was well within the statutory maximum of life for his cocaine offense. Under *Hawkins*, even if the sentencing court erred in its calculation of the Guideline range for Norman's offense, no miscarriage of justice occurred so long as the sentence did not exceed the statutory maximum. The fact that Norman is

4

still under a 240-month sentence for his other conviction (assault) underscores the conclusion that there was no miscarriage of justice as to the sentence he challenges.

Norman's contention that the Court was wrong to dismiss his case before ordering a response is without merit. (Doc. 6, p. 9). Rule 4 directs that the Court "must dismiss the petition" where it "plainly appears . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Norman is correct that, at a time when the case law interpreting *Mathis* was less developed, the Court did order a response in some cases raising similar arguments. That fact does not, however, entitle Norman or any other litigant to a response from the Government. The Court has since dismissed a number of other cases pursuant to *Hawkins*, both at the threshold review stage and after briefing by the respondents.

Norman attempts to distinguish *Hawkins*, reiterating and expanding upon his argument that he has a due process right to be sentenced based on accurate information. (Doc. 6, pp. 11-16; Doc. 1, pp. 27-28). Unfortunately, however, his reliance on *United States v. Tucker*, 404 U.S. 443, 447 (1972), and *United States v. Miller*, 900 F.3d 509 (7th Cir. 2018), is misplaced. *Tucker* involved a situation where the habeas petitioner's prior convictions, in light of a subsequent Supreme Court decision,[1] were no longer valid to be considered in his sentencing because his constitutional right to counsel was violated in the earlier proceedings. The Supreme Court described the trial court's mistake as relying on "misinformation of constitutional magnitude." *Tucker*, 40 U.S. at 447. In contrast, Norman's claim of a statutory-interpretation error in the use of

---

[1] *Gideon v. Wainwright*, 372 U.S. 335 (1963) (an indigent criminal defendant has the right to appointed counsel in a state prosecution, pursuant to the Sixth and Fourteenth Amendments). The *Tucker* court stated, "we deal here, not with a sentence imposed in the informed discretion of a trial judge, but with a sentence founded at least in part upon misinformation of constitutional magnitude." *United States v. Tucker*, 404 U.S. at 447.

his prior conviction as a predicate for sentence enhancement does not rise to the level of constitutional magnitude.

The problem in *Miller* was an error of fact – the sentencing court mistakenly believed that the defendant had six prior felony convictions when in fact he had only five. Norman's case reveals no analogous factual error made by his sentencing court; instead, the alleged error in counting his Illinois conviction as a career-offender predicate offense was one of legal interpretation. He cites no case where an erroneous determination of a legal question was held to be the kind of "inaccurate information" which violated due process, supporting a challenge to a guideline sentence in the context of a habeas action. This Court's independent research has not identified such a case. Instead, *Hawkins* remains dispositive – "an error in calculating a defendant's guidelines sentencing range does not justify postconviction relief unless the defendant had . . . been sentenced in the pre-*Booker* era[.]" *Hawkins*, 724 F.3d at 916.

Finally, this Court's ruling in *United States v. Khoury*, Case No. 16-cv-1085-DRH (S.D. Ill.) (§ 2255 proceeding challenging sentence in Case No. 15-cr-30013-DRH) is distinguishable from Norman's case. (See Doc. 6, pp. 2-3, 18-19). Khoury raised challenges based on *Mathis* and *Edwards*, seeking to vacate his 188-month sentence for unlawful possession of a firearm by a felon. The Seventh Circuit in *United States v. Edwards*, 836 F.3d 831 (7th Cir. 2016), explained that *Mathis* clarified when a statute was considered indivisible, and reiterated that it was improper to refer to state-court charging documents to determine whether a conviction under an indivisible statute fit within the parameters of the applicable guideline definition. *Edwards*, 836 F.3d at 834-35. Instead, if the indivisible statute itself encompassed conduct that was broader than the guideline definition, a conviction under the statute could not be counted as a "crime of violence" to enhance a sentence under the career criminal provisions of the sentencing guidelines.

6

USSG § 4B1.2(a). *Edwards* examined a single subsection (a) of the Wisconsin burglary statute, which criminalized burglary of a "building or dwelling." At the time, the sentencing guideline at USSG § 4B1.2(a)(2), which defined the term "crime of violence" included only burglary of a dwelling.[2] The court found subsection (a) to be indivisible, and overly broad when compared to the definition in § 4B1.2(a)(2). The *Edwards* defendants' convictions were thus improperly used as predicate offenses to calculate the base offense level under USSG § 2K2.1(a), which relates to firearm offenses. *Edwards*, 836 F.3d at 838.

This Court rejected Khoury's argument that he should no longer be considered an armed career criminal. But the Court accepted the Government's concession (based on *Edwards*) to Khoury's claim that his base offense level calculation under USSG § 2K2.1 was incorrect, because it relied on two Missouri burglary offenses that did not involve a dwelling. (Doc. 15, pp. 14-20, and Doc. 16 in *Khoury*, No. 16-cv-1085). As the Government requested, this Court recalculated Khoury's base offense level and guideline range in accordance with *Edwards*.[3]

Khoury obtained partial relief as the result of a timely-filed first motion under 28 U.S.C. § 2255, which permits correction of a sentence that "was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack[.]" § 2255(a). As the Government noted in its response to Khoury's petition, relief under § 2255 "is 'appropriate only for an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice.' *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004)." (Doc. 15, p. 3, in *Khoury*, No. 16-cv-1085-DRH (S.D. Ill.)). By conceding that

---

[2] As of August 1, 2016, § 4B1.2(a)(2) was revised, and no longer includes burglary as an enumerated "crime of violence." (*See* Doc. 15, pp. 14-15, in *Khoury,* Case No. 16-cv-1085-DRH).
[3] Khoury was later resentenced to the statutory minimum (180 months) for possession of a firearm as a felon, who has at least three prior convictions for a violent felony. *See* 18 U.S.C. § 924(e)(2)(B)(ii); (Doc. 52, *Khoury*, Case No. 15-cr-30013-DRH).

Khoury was entitled to relief, the Government implicitly agreed that the original sentence, based on a guideline calculation that was shown to be erroneous by the Seventh Circuit in *Edwards*, amounted to a miscarriage of justice. Khoury's armed-career-criminal designation was unchanged, however, based on numerous other prior convictions.

This case is not comparable to the facts or legal issues in *Khoury*. Norman's sentence guideline was not calculated in reference to USSG § 2K2.1, and involved a drug-related prior offense, not burglary. As explained above, the Seventh Circuit's decision in *Hawkins*, holding that there is no miscarriage of justice where a sentence imposed under an advisory guideline is within the statutory limits, controls this matter.

The arguments and cited authorities in Norman's motion for reconsideration do not reveal any error of law or fact in this Court's dismissal of his petition for habeas relief. Thus, he fails to set forth any grounds under Rule 59(e) to vacate the judgment. Norman likewise has not stated any grounds for relief within the scope of Rule 60(b). The motion shall accordingly be denied.

## DISPOSITION

Upon review of the record, the Court remains persuaded that its ruling dismissing the Petition pursuant to *United States v. Redden*, 875 F.3d 374 (7th Cir. 2017), and *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), *supplemented on denial of rehearing*, 724 F.3d 915 (7th Cir. 2013), (Doc. 3) was correct. Therefore, the Motion to Reconsider Summary Dismissal of the § 2241 Habeas Petition (Doc. 6) is **DENIED**.

The instant motion to reconsider suspended Norman's deadline to seek an appeal. FED. R. APP. P. 4(a)(4)(A); FED. R. CIV. P. 59(e). Therefore, if Norman wishes to appeal the dismissal of this action, his notice of appeal must be filed with this court within 60 days of the date of this order. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* ("IFP") must set

forth the issues Norman plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Norman does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

It is not necessary for Norman to obtain a certificate of appealability in an appeal from this Petition brought under § 2241. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED: July 22, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**